UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAVONTAE McQUEEN,
o/b/o A.D.T., a minor,

    Plaintiff,                                 Case No. 18-13759

v.                                               Hon. George Caram Steeh

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 15)

Before the court is Magistrate Judge Patricia T. Morris's report and recommendation in this social security benefits case. Magistrate Judge Morris recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's final decision. Plaintiff filed timely objections, to which the Commissioner has responded.

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C).  The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted).  "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff Shavontae McQueen brings this action on behalf of her daughter, A.D.T., a minor (hereinafter "Plaintiff").  On February 25, 2010,

Plaintiff was found to be disabled with an onset date of September 29, 2009. Plaintiff's impairments were speech delay and attention deficit hyperactivity disorder (ADHD). After a periodic review, the ALJ found that medical improvement occurred as of August 25, 2014, and that Plaintiff was no longer disabled. The magistrate judge determined that that ALJ's decision was supported by substantial evidence, including school records, assessments by Plaintiff's teacher, and the opinions of medical consultants.

I. Objection 1

Plaintiff contends that the magistrate judge erred by failing to take into account Plaintiff's subjective complaints regarding her ability to concentrate and behavioral issues. As the magistrate judge noted, however, Plaintiff did not challenge the ALJ's treatment of her subjective complaints before the magistrate judge "and therefore has forfeited the issue of whether the ALJ's assessment of it was erroneous." ECF No. 15 at 25, 29. *See also* ECF No. 7-2 at PageID 63 (ALJ discounting Plaintiff's symptoms as "only partially consistent with the objective medical and other evidence"). Plaintiff may not raise the issue of the ALJ's treatment of her subjective complaints for the first time here. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district

court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Moreover, Plaintiff's objection is without merit. Plaintiff relies upon *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007), in which the Sixth Circuit found that the ALJ improperly discounted the claimant's subjective complaints of disabling pain. The claimant was diagnosed with fibromyalgia. The ALJ discounted the claimant's subjective complaints because of the lack of supporting objective medical evidence. The Sixth Circuit reversed the ALJ's decision, noting that given the unique nature of fibromyalgia, the lack of objective medical evidence was an insufficient basis to discount the claimant's testimony. *Id.* at 243-44. Although Plaintiff contends that ADHD is analogous to fibromyalgia because it relies upon "subjective findings," Plaintiff provides no medical or legal support for this argument. *Rogers* has no bearing on the relevance of objective findings regarding the functioning of an individual with ADHD. Plaintiff essentially requests that the court re-weigh her subjective complaints over the other evidence in the record, which the court is not permitted to do.

II.     Objection No. 2

Plaintiff also argues that the magistrate judge erred by not taking into account medical records for visits that occurred after the hearing before the

-4-

ALJ.  This court may not, however, consider additional evidence that was not part of the record before the ALJ.  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993).

Plaintiff contends that the court should remand this case for further administrative proceedings under "sentence six" of 42 U.S.C. § 405(g), which provides that the court may order additional evidence to be taken "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record."  *Id.*  The magistrate judge noted that Plaintiff did not address whether remand was appropriate under "sentence six" and thus waived the issue.  ECF No. 15 at 36.  Plaintiff has not explained how the magistrate judge erred in this regard.  Further, the magistrate judge found that a "sentence six" remand would not be appropriate because the new evidence was not material – there was no reasonable probability that the new evidence would have caused the Commissioner to reach a different decision.  *Id.* at 37.  Plaintiff has also not addressed how the magistrate judge's analysis regarding materiality was incorrect.  Plaintiff's objection is without merit.

## ORDER

The court agrees with Magistrate Judge Morris's thorough and well-reasoned analysis. Accordingly, IT IS HEREBY ORDERED that the report and recommendation (ECF No. 15) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 12) is DENIED, the Commissioner's motion for summary judgment (ECF No. 14) is GRANTED, Plaintiff's objections (ECF No. 16) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated: February 27, 2020

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 27, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---